UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:10-cr-260 (30) |
| | ) | JUDGE HAYNES |
| | ) | |
| MOHAMMED AMALLE (30) | ) | |

*[Handwritten note: This motion is DENIED as moot — [signature] 5-31-12]*

### DEFENDANT MOHAMMED AMALLE'S (30) MOTION FOR ACQUITTAL

Defendant Mohammed Amalle (30), pursuant to Fed.R.Crim.P. 29(a), hereby moves this Honorable Count for a judgment of acquittal in the above styled case. As grounds therefore, Counsel states as follows:

I.  **Authority.**

Federal Rule of Criminal Procedure 29(a) provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction." The Sixth Circuit has interpreted this Rule to mean that if the evidence "is such that a rational fact finder must conclude that a reasonable doubt is raised, the Sixth Circuit is obligated to reverse a denial of an acquittal motion." *United States v. Lloyd*, 10 F.3d 1197, 1210 (6th Cir.1993) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979)). Thus, if the Court finds that a rational jury could not find that the evidence establishes proof beyond a reasonable doubt, then the Court must enter an acquittal pursuant to the Rules.